# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN ANDERSON, #M40897, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00488-NJR |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DOCTOR SANTOS, | ) |
| DAN ZECK, | ) |
| NURSE NALEWAJKA, | ) |
| NURSE SHAW, | ) |
| DULEY, | ) |
| SERGEANT SLANE, | ) |
| SERGEANT LOERA, | ) |
| LIEUTENANT JACK, | ) |
| C/O TONNINGS, | ) |
| SERGEANT JOHN DOE, | ) |
| L. WILLIAMS, and | ) |
| CENTRALIA CORRECTIONAL | ) |
| CENTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Steven Anderson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Western Illinois Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Centralia Correctional Center ("Centralia") (Doc. 1). Plaintiff claims prison officials, medical staff, and Wexford Health Sources, Inc. ("Wexford") exhibited deliberate indifference to his broken hand by delaying surgery for a compound fracture and regularly cuffing him behind his back. He seeks declaratory and monetary relief. (*Id*.).

1

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

According to the allegations in the Complaint (Doc. 1, pp. 1-8): Plaintiff was involved in an altercation with another Centralia inmate on August 22, 2018. (*Id*. at p. 2). Following a 3-day delay, Dr. Austin[1] confirmed through x-rays that his left hand was broken.[2] Dr. Santos requested a referral to an orthopedic surgeon, but Wexford, Nalewajka, and Zeck delayed the process. (*Id*. at p. 3). Wexford did not approve the referral until six days after the injury. Nalewajka waited another week to alert Wexford about Plaintiff's missing Medicaid information. Zeck then produced the wrong information three days later. (*Id*.).

While Plaintiff was housed in segregation[3] awaiting surgery, prison officials rear-cuffed him 3 to 4 times per week. (*Id*. at pp. 4-5). Plaintiff pointed out the compound fracture and significant pain caused by the cuffing, but Slane, Loera, Jack, Tonnings, and Sergeant John Doe told him they did not care. Dr. Santos ignored Plaintiff's request for a front-cuff permit. (*Id*.). Prison medical staff, including Shaw and Duley, ignored his pleas for help during their medication rounds. (*Id*. at p. 5). Plaintiff's surgery was ultimately postponed until October 18, 2018.[4] (*Id*.).

---

[1] Dr. Austin is not named as a defendant in this action, and Plaintiff asserts no claim against this individual.
[2] Plaintiff alleges that a bone was sticking out of his hand. (*Id*. at p. 3).
[3] Plaintiff does not dispute his placement in segregation.
[4] He complains of persistent pain, permanent injury, and no physical therapy. (*Id*. at p. 3).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Eighth Amendment excessive force claim against Slane, Loera, Jack, Tonnings, and John Doe for repeatedly rear-cuffing Plaintiff while he suffered from a broken hand from August 22, 2018 until October 18, 2018.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against defendants for unnecessarily delaying Plaintiff's medical treatment for a broken hand or causing additional pain/injury while he awaited treatment for the injury from August 22, 2018 until October 18, 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.[5]**

## Discussion

### Preliminary Dismissals

Plaintiff cannot proceed with his claim for money damages against Centralia Correctional Center. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The prison is a division of the IDOC and is neither a "person" within the meaning of the Civil Rights Act nor subject to a Section 1983 suit. *See Will*, 491 U.S. at 71. Centralia shall therefore be dismissed with prejudice from this action.

### Count 1

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). To state an excessive force claim, an inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

than as part of 'a good-faith effort to maintain or restore discipline'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The excessive force claim will proceed against Slane, Loera, Jack, Tonnings, and John Doe. These defendants maliciously and sadistically continued to cuff Plaintiff behind his back, despite his complaints of pain and an obvious fracture. The claim shall be dismissed without prejudice against Wexford, Santos, Zeck, Nalewajka, Shaw, Duley, and Williams because they are not identified in connection with this claim.

**Count 2**

An Eighth Amendment claim based on the denial of medical care arises where prison officials respond to an inmate's objectively serious medical condition with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Plaintiff's compound fracture is serious enough to satisfy the objective component of this claim at screening. The allegations of delayed medical treatment satisfy the subjective component of the claim against Wexford, Santos, Zeck, Nalewajka, Shaw, and Duley, and the allegations of additional pain or injury caused by rear-cuffing support a medical claim against Slane, Loera, Jack, Tonnings, and John Doe. The threadbare allegations against Williams support no claim, so Count 2 shall be dismissed without prejudice against this defendant. (Doc. 1, p. 7).

**Identification of Unknown Defendant**

Acting Warden Jon Fatheree will be added as a defendant, in his or her official capacity only, to respond to discovery aimed at identifying the unknown defendant ("Sgt. John Doe"). *See Rodriguez*, 577 F.3d at 832 (7th Cir. 2009); FED. R. CIV. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the name of the unknown defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

**Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **DENIED** without prejudice.[6] Plaintiff discloses nine unsuccessful attempts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has no legal education and anticipates requiring numerous witnesses, depositions, an expert testimony. The Court nevertheless finds that Plaintiff can proceed *pro se* for now. His pleadings demonstrate an ability to construct coherent sentences, relay important information, and meet court-imposed deadlines. Plaintiff appears competent to proceed without representation at this time. Should his situation change, Plaintiff may file a new motion.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** will receive further review against Defendants **SLANE, LOERA, JACK, TONNINGS,** and **SERGEANT JOHN DOE**, and **COUNT 2** will proceed against Defendants **WEXFORD, SANTOS, ZECK, NALEWAJKA, SHAW, DULEY, SLANE, LOERA, JACK, TONNINGS,** and **SERGEANT JOHN DOE**. These claims are **DISMISSED** without prejudice against all other defendants (except Centralia) because the Complaint fails to state a claim upon which relief may be granted against them. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order**.

The Clerk is **DIRECTED** to **ADD** Acting Warden **JON FATHEREE** as a defendant, in his or her official capacity only, in order to respond to discovery aimed at identifying Sergeant

---

[6] In evaluating a motion for recruitment of counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

John Doe. The acting warden is not required to answer the Complaint. He or she must enter an appearance and respond to discovery aimed at identifying the unknown sergeant.

**IT IS ORDERED** that **CENTRALIA CORRECTIONAL CENTER** is **DISMISSED** with prejudice from this action because the Complaint fails to state a claim against this defendant. The Clerk is **DIRECTED** to **TERMINATE** this defendant on the docket sheet.

**IT IS ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **WEXFORD, SANTOS, ZECK, NALEWAJKA, SHAW, DULEY, SLANE, LOERA, JACK, TONNINGS,** and **SERGEANT JOHN DOE** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without prepaying fees and costs or giving security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefore all unpaid costs taxed against plaintiff and remit the balance to him. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  July 3, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**